### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| JESUS J. CERVANTES GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00508 |
| | § | |
| MIDLAND FUNDING LLC, | § | With Jury Demand Endorsed |
| | § | |
| Defendant. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Jesus J. Cervantes Gonzales ("Plaintiff"), by and through counsel, for his Complaint against Defendant Midland Funding LLC ("Defendant"), states as follows:

### I. INTRODUCTION

1.      Defendant engaged in willful, malicious, deceptive, and harassing actions against Plaintiff in furtherance of its efforts to illegally collect from him a debt that was included in his bankruptcy case. Defendant, during Plaintiff's bankruptcy and after the debt had been discharged, made numerous collections calls to Plaintiff and filed and set for hearing an Application for Appointment of a Receiver After Judgment with the Tarrant County, Texas Justice Court Precinct 1, Place 1, in an attempt to collect the discharged debt.

2.      Specifically, Plaintiff claims Defendant violated: 1) Tex. Fin. Code § 392.001 *et seq.,* known as the Texas Debt Collection Act ("TDCA"); 2) the common law prohibiting invasion of privacy; 3) the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 et seq.; 4) the automatic stay; and 5) the discharge injunction of the United States Bankruptcy Court for

the Northern District of Texas, Fort Worth Division. Plaintiff seeks to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

## II. PARTIES

3.      Plaintiff is a natural person residing in Tarrant County, Texas and a "consumer," as defined by the TDCA, Tex. Fin. Code § 392.001(1) , and the FDCPA, 15 U.S.C. § 1692a(3).

4.      Defendant Midland Funding LLC is a foreign limited liability company and may be served by delivering a summons to its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E 7th St., Suite 620, Austin, TX 78701-3218.

5.      Defendant is a "is a "creditor," "debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3)(6) and (7) , and the FDCPA, 15 U.S.C. §§ 1692a(4) and (6).

6.      The debt Defendant is attempting to collect from Plaintiff was a "consumer debt" and/or "debt," as defined by Tex. Fin. Code § 392.001(2) , and the FDCPA, 15 U.S.C. § 1692a(5).

## III. JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367, and 15 U.S.C. § 1692.

8.      Venue is proper this district because Plaintiff filed his bankruptcy case in this district and the conduct complained of occurred in this district.

## IV. FACTUAL ALLEGATIONS

**A.      The Inclusion and Discharge of the Subject Debt in Plaintiff's Bankruptcy Case**

9.      On August 31, 2020, Plaintiff filed Chapter 7 bankruptcy in case number 20-42745-elm7 (the "Bankruptcy Case") in the Northern District of Texas Bankruptcy Court, Fort Worth Division (the "Bankruptcy Court").

10.     On Schedule E/F, filed with his bankruptcy petition, Plaintiff listed Defendant as a nonpriority unsecured creditor, owing the total amount of $5,739, with two account numbers ending in 0970 and 7387 (collectively, the "Account").  In addition, Plaintiff listed Judge Ralph Swearingin, Jr. at the Tarrant County, Texas Justice of the Peace Court, Precinct 1 (the "JP Court"), as an additional party to get notice since the Defendant had taken a default judgment against him in that Court prior to his filing bankruptcy (the "JP Court Case").

11.     A true and correct copy of relevant portions of Plaintiff's Schedule E/F is attached hereto as Exhibit "A."

12.     On or about September 3, 2020, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" ("341 Notice") to Defendant, Judge Swearingin, and all creditors and interested parties, by first class mail.  The 341 Notice warned all creditors, in conspicuous language, against violating the automatic stay imposed by 11 U.S.C. § 362.  The United States Postal Service did not return the 341 Notice sent to Defendant, creating a presumption it was received by Defendant.

13.     On December 23, 2020, the Bankruptcy Court issued an order granting Plaintiff a discharge ("Discharge Order").  The Discharge Order followed Official Form 318, including the explanatory language contained therein.  The Discharge Order discharged Plaintiff from any liability for the debt created by the Account.  Included with the Discharge Order was an explanation of the general injunction prohibiting any attempt to collect discharged debts, warning all creditors, in conspicuous language, that "**Creditors cannot collect discharged debts**" and that "creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts," and "Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally.  Creditors who violate this order can be required to pay debtors damages and attorney's fees."

14.     On or about December 26, 2020, the Bankruptcy Noticing Center mailed a copy of the Discharge Order to Defendant and Judge Swearingin by first class mail.  This mailing, which was not returned, constituted notice to Defendant and all creditors and interested parties of the discharge granted in Plaintiff's Bankruptcy Case and the replacement of the automatic stay of 11 U.S.C. § 362 with the discharge injunction imposed by 11 U.S.C. § 524(a).

15.     A true and correct redacted copy of the Discharge Order is attached hereto as Exhibit "B."

16.     At no time during the pendency of Plaintiff's Bankruptcy Case did Defendant or any other person or entity object to or dispute the details or completeness of the claim regarding the Account listed on Schedule E/F to Plaintiff's bankruptcy petition.

17.     At no time did Plaintiff reaffirm the debt on the Account with any person or entity.

18.     At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**B.     During Plaintiff's Bankruptcy Case, Defendant Attempted to Collect The Debt From Plaintiff by Calling Plaintiff and by Filing an Application for the Appointment of a Receiver To Force Payment of the Debt.**

19.     Following the August 31, 2020 filing of Plaintiff's Bankruptcy Case, Defendant nevertheless engaged in prohibited debt collection activity against Plaintiff on the Account by: (1) calling Plaintiff repeatedly to coerce or deceive him into making payments, and (2) filing an Application for the Appointment of a Receiver in the JP Court Case.

20.     Specifically, on or about October 6, 2020, while the automatic stay was in effect, Defendant engaged in prohibited debt collection activity against Plaintiff on the Account by filing an Application for Appointment of a Receiver After Judgment (the "Application") in the JP Court Case seeking control of all of Plaintiff's assets to compel payment of the Account.  In the Application, Defendant made material misrepresentations to Plaintiff and the JP Court that

Plaintiff owed a debt to Defendant and was liable for interest, attorney's fees and costs when the Account was no longer collectible due to the automatic stay in effect.

21.     A true and correct redacted copy of the October 6, 2020 Application is attached hereto as Exhibit "C."

22.     On or about October 16, 2020, Defendant mailed the Application to Plaintiff at his home address causing him and his family much shock and dismay over the possibility that all of their assets could be placed in the hands of a receiver and all their private personal and financial information revealed to a perfect stranger.  Plaintiff suffered great humiliation, fear, and distress at the news and continues to worry and fear the impact the Application will have on him, his credit and his relationship with his family.

**C.      After Plaintiff Was Granted a Discharge, Defendant Continued to Attempt to Collect the Debt From Plaintiff by Calling Him and by Setting the Application for Hearing to Force Payment of the Discharged Debt.**

23.     After the debt was discharged, Defendant continued to call Plaintiff and set the Application for hearing in an attempt to coerce or deceive him into making payments, in whole or in part, even though Defendant knew the debt on the Account had been discharged.

24.     On December 30, 2020 the JP Court's Register of Actions, Case No. JP01-19-DC00010559, styled *Midland Funding LLC vs Jesus Cervantes*, shows an entry "Bankruptcy Discharged."

25.     On March 10, 2021, there is an entry that states "Called Plaintiff's Attorney on this Case, @11:57 AM; CT NEEDS TO KNOW IF PLTF WOULD LIKE TO PURSUE THEIR MOTION FOR APPT OF RECEIVER AS NOTICE OF BKTCY HAS BEEN RECEIVED BY THE COURT//DE."

26.     On March 15, 2021, Defendant set the Application for hearing as noted in the Courts Register of Actions, "Notice of Hearing, ON MOTION FOR POST JM

RECEIVERSHIP//VA" with a notation that the notice of hearing was emailed to Midland's attorney and mailed to Mr. Cervantes.

27.     True and correct redacted copies of the JP Court's Register of Actions and the Notice of Hearing are attached hereto as Exhibits "D" and "E," respectively.

28.     When Plaintiff received the notice of the hearing on Midland's Application, he was flabbergasted since it was his understanding that the debt had been discharged in his Bankruptcy Case and he was to receive a fresh start.  The news of the hearing shocked and terrified him and his family as the Application contained a long list of onerous actions and invasions of his life that would totally decimate his and his family's peace of mind and security.

## V.  GROUNDS FOR RELIEF - COUNT I

### TEXAS FINANCE CODE – TEXAS DEBT COLLECTION ACT (TDCA)

29.     Plaintiff repeats, re-alleges, and incorporates by reference all the above paragraphs, as if fully rewritten here.

30.     Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

a)     Tex. Fin. Code § 392.301(a)(8) prohibits Defendant from taking an action prohibited by law.  Inasmuch as: 1) the automatic stay and bankruptcy discharge injunction prohibits anyone from attempting to collect debts included or discharged in bankruptcy *in personam*; and 2) the common law protects Plaintiff's privacy rights; Defendant's actions against Plaintiff violated the TDCA;

b)     Tex. Fin. Code § 392.304(a)(8) prohibits misrepresenting the character, extent, or amount of Plaintiff's debt.  Defendant misrepresented to Plaintiff, through phone calls, and to Plaintiff and the JP Court that the debt was collectible from him personally in the Application, despite the fact that Plaintiff was protected from collection by the automatic stay when the Application was filed and later by the discharge injunction when the hearing was set.  These were misrepresentations of the character, extent or amount of the subject debt, in violation of the TDCA; and

      c)     Tex. Fin. Code § 392.304(a)(19) prohibits Defendant's use of false representations or deceptive means to collect a debt, for the reasons stated in the preceding paragraphs (a and b); Defendant intentionally tried to coerce or deceive Plaintiff into paying the debt by filing the Application when Defendant knew the Account had been included in Plaintiff's bankruptcy and later by setting a hearing after the debt was discharged, rendering the debt legally uncollectible from Plaintiff *in personam.*

31.     Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable to Plaintiff for actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees.  Also, Plaintiff's injuries resulted from Defendant's malice, actual fraud and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

32.     Because of Defendant's conduct, Plaintiff was forced to hire counsel to pursue this action, and Plaintiff's recoverable damages include his reasonable attorney's fees incurred in prosecuting this claim.

## VI.  GROUNDS FOR RELIEF - COUNT II

### INVASION OF PRIVACY

33.     Plaintiff repeats, re-alleges, and incorporates by reference all the previous paragraphs above, as if rewritten here in their entirety.

34.     At all pertinent times, Plaintiff had a reasonable and lawful expectation not to be contacted and harassed by Defendant during the bankruptcy and post-discharge.  The Defendant had no legal justification for calling Plaintiff, filing the Application with its onerous and horrific attachments requesting that a third-party take over all of Plaintiff's financial assets, and having the Application served on him at his home during the bankruptcy and the Notice of Hearing on the Application sent to him after the debt had been discharged.

35.     Defendant's wrongful acts were invasions of Plaintiff's privacy rights and caused him severe and extreme mental anguish resulting in worry, fear, humiliation, headaches, insomnia

and disruption to his family life. Plaintiff's injuries resulted from Defendant's malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

## VII. GROUNDS FOR RELIEF - COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

36.    Plaintiff realleges and incorporates herein all of the above paragraphs as if set forth herein in their entirety.

37.    The FDCPA is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. *See* 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

38.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. Third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or

unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

39. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. *See* 15 U.S.C. § 1692b.

40. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

41. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a single violation. *See Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3, (2d Cir. 1993); *see also Taylor v. Perrin, Landry, DeLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

42. The FDCPA is a remedial statute and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection*

*Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. §1601 *et seq*., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

43.     The FDCPA is to be interpreted in accordance with the "least sophisticated consumer" standard. *See Brown v. Card Serv. Ctr*, 464 F.3d 450, 453 fn1 (3d Cir. 2006); *Graziano v. Harrison*, 950 F.2d 107, 111, fn5 (3rd Cir. 1991). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id*. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naïve and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *See Clomon*, 988 F.2d at 1318.

44.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading representations or means in connection with the collection of any debt and sets forth a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. *See* 15 U.S.C. § 1692 e(1)-(16).

45.     All of Defendant's post-discharge actions at issue, described hereinabove in the above paragraphs are the manifestation of its practices and policies to ignore the provisions of the Bankruptcy Code applicable to it and illegally collect or attempt to collect debts that have been discharged in bankruptcy *in personam* from unsophisticated debtors. Moreover, for the same reasons stated in the preceding paragraphs, Defendant's actions were deceitful, misleading, harassing, and unconscionable, all by design and taken intentionally against Plaintiff, in violation of the FDCPA.

## VIII.  GROUNDS FOR RELIEF – COUNT IV

### VIOLATION OF THE AUTOMATIC STAY

46.      Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs as if set forth herein in their entirety.

47.      At all times material to this proceeding, Defendant had actual knowledge of Plaintiff's Chapter 7 bankruptcy filing and the automatic stay prohibiting collection actions against a debtor during such debtor's pending bankruptcy proceeding.

48.      Defendant failed to cease its debt collection activity when it became aware that Plaintiff filed for bankruptcy protection by attempting to collect from Plaintiff personally on the debt or to get Plaintiff to take action to benefit the Defendant, as evidenced by the telephone calls to Plaintiff and by filing its Application for Appointment of a Receiver After Judgment.

49.      Defendant's aforesaid actions were willful acts and constitute efforts to collect debt from Plaintiff in violation the automatic stay of 11 U.S.C. § 362.  Defendant's failure to comply with the aforesaid laws in light of being on notice of Plaintiff's pending Bankruptcy illustrates its contempt for federal law, the automatic stay and this Court.

50.      The facts and background stated above demonstrate that Defendant willfully violated the orders and injunctions of the Court as they concern the Chapter 7 bankruptcy filed by Plaintiff.  With this prima facie showing, the duty is on Defendant to show, as the only defense, a present inability to comply with the orders and injunctions of the Court that goes beyond a mere assertion of inability.  Failing a showing of a present inability to comply with the orders and injunctions of the Court by Defendant, Plaintiff must prevail on his claims and Defendant must be held liable for willfully violating the orders and injunctions of the Bankruptcy Court in regard to the bankruptcy filed by Plaintiff.  Any defense put forth by Defendant in this adversary proceeding

can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and action of Defendant.  Any allegation of a good faith exception should not be allowed.

51.     The automatic stay of the Bankruptcy Court cannot be waived, except by the virtue of a motion to lift the automatic stay and order granting such motion.  Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to violations of the orders and injunctions of the Court.  Any attempt to burden Plaintiff with policing the misconduct of Defendant would be a complete derogation of the law.  It is well settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for shouldering the cost of compliance.  Any such defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited.  Any defense put forth by Defendant in this adversary proceeding can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and action of Defendant.  No allegation of a mitigation as a defense should be allowed.

## IX.  GROUNDS FOR RELIEF- COUNT V

### VIOLATION OF THE DISCHARGE INJUNCTION

52.     Plaintiff repeats, re-alleges, and incorporates all previous paragraphs above as if set forth herein in their entirety.

53.     At all material times, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and of the discharge of the debt on the Account.

54.     Defendant attempted to collect from Plaintiff personally on the discharged debt, as evidenced by its making collection calls to Plaintiff and setting a hearing and going forward with its Application in the JP Court to appoint a receiver to seize Plaintiff's assets in order to pay the discharged Account.

55.     Defendant's actions were willful acts in furtherance of its efforts to collect the discharged debt from Plaintiff, in violation of the discharge injunction imposed by 11 U.S.C. § 524(a).  Further, Defendant's acts were harassing and attempts to coerce and deceive Plaintiff to pay the discharged debt.  Defendant's failure to comply with the aforesaid laws, despite Defendant being on notice of Plaintiff's Bankruptcy Case and discharge and the effect of Plaintiff's discharge, illustrates Defendant's utter contempt for federal law and the discharge injunction.

56.     The actions of Defendant constitute harassment and coercive and/or deceptive actions taken to collect a discharged debt from Plaintiff, in gross violation of the discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

57.     Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiff.  After this prima facie showing by Plaintiff, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability.  Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiff must prevail on his claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court.  Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

58.     Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived ..."

59.     There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the discharge injunction.

60.     The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint, none of which occurred here.  No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

61.     Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court.  Any burdening of Plaintiff with an obligation to police the misconduct of Defendant would be a complete derogation of the law.  It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance.  Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited.  Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant.  No defense of failure to mitigate should be allowed.

62.     Plaintiff has been injured and damaged by Defendant's actions, and Plaintiff is entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. § 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

## X.   VICARIOUS LIABILITY / *RESPONDEAT SUPERIOR*

63.     Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendant, the

principal, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability on Defendant for all such actions under the doctrine of *respondeat superior* and/or vicarious liability.

## XI. DAMAGES

64.    In addition to any damages previously stated hereinabove, the conduct of Defendant has proximately caused Plaintiff past and future monetary loss; past and future mental distress, emotional anguish and a discernable injury to Plaintiff's emotional state; and other damages, evidence for all of which will be presented to the jury.  Also, Defendant's wrongful acts caused him severe and extreme mental anguish resulting in worry, fear, humiliation, headaches, insomnia and disruption to his family life.  Moreover, dealing with the consequences of Defendant's actions has cost Plaintiff time and mental energy, which are precious to him.

65.    At all relevant times, Defendant knew, and it continues to know, that, pursuant to the automatic stay and a discharge order granted by a U.S. Bankruptcy Court, debts are no longer legally collectible, but Defendant made a corporate decision to act knowingly, willfully, maliciously, and contrary to its knowledge of bankruptcy law, to attempt to collect on the debt it knew had been included and later discharged as a result of Plaintiff's Bankruptcy Case.  Defendant had no right to engage in any of its actions at issue.

66.    Plaintiff believes that, after reasonable discovery in this case, he will be able to show that all actions taken by, or on behalf of, Defendant were conducted maliciously, wantonly, recklessly, intentionally, knowingly, and/or willfully, with the desire to harm Plaintiff, with the actual knowledge that such actions were in violation of the law.

67.    Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant has been involved in numerous disputes involving complaints about the type of conduct

at issue here; nevertheless, Defendant, intentionally and knowingly, has refused to correct its policies and comply with applicable laws, of which laws it is well-aware.

68.     Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant has engaged in a pattern and practice of wrongful and unlawful behavior, in accordance with its established policies and procedures, with respect to knowingly, willfully, intentionally, and maliciously attempting to collect on debts discharged in bankruptcy.  Accordingly, Defendant is subject to punitive damages, statutory damages, and all other appropriate measures necessary to punish and deter similar future conduct by Defendant.  Moreover, Plaintiff's injuries resulted from Defendant's malice, and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

69.     Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant's actions at issue were part of Defendant's illegal design, implemented in its policies and procedures, to profit by harassing unsophisticated debtors and collecting debts that had been included and discharged in the debtors' respective bankruptcy cases.

70.     Due to Defendant's conduct, Plaintiff was forced to hire counsel, and his damages include reasonable attorney's fees incurred in prosecuting his claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jesus J. Cervantes Gonzales prays the Court:

A.     Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA, Plaintiff's privacy rights, the FDCPA, the automatic stay and discharge injunction;

B.     Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

C.     Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

D.      Grant such other and further relief, in law or equity, to which Plaintiff might show

he is justly entitled.

Respectfully submitted,


/s/ James J. Manchee
James J. Manchee
State Bar Number 00796988
jim@mancheelawfirm.com
MANCHEE & MANCHEE, PC
5048 Tennyson Parkway, Suite 250
Plano, Texas 75024
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF


**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.

April 7, 2021                           /s/ James J. Manchee
Date                                    James J. Manchee